IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**WENDOLYN KIMMONS**                                                **PLAINTIFF**

**VS.**                                                **CIVIL ACTION NO. 3:11-CV-636-HTW-LRA**

**KELLY TEMPORARY SERVICE**                                  **DEFENDANT**

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On October 13, 2011, Wendolyn Kimmons [hereinafter "Plaintiff"] filed a Complaint [ECF No. 1] in this Court charging Kelly Temporary Service for not hiring her because of her sex and race, in violation of Title VII of the Civil Rights Act of 1964, as amended. On the same date, she filed an Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2, requesting that the prepayment of filing fees and costs be waived pursuant to 28 U.S.C. § 1915.

After a review of the sworn Financial Affidavit filed with the Court, it is the opinion of the Magistrate Judge that Plaintiff is not indigent under the law and should not be allowed to proceed *in forma pauperis*. Plaintiff, who has a college education, is currently employed on a part-time basis and has a monthly income of $868. She owns her home and her vehicle, a 1980 Toyota Celica valued at $1000. Her monthly expenses are $1153 per month, and she also receives food stamps in the amount of $150 per month. Plaintiff has a Regions checking account with a current balance of $225.

According to Plaintiff, she has consulted with an attorney on this matter and has paid the attorney $1250.  She does not explain why the attorney did not file the Complaint on her behalf or why she did not use that money to pay the required filing fees.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs.  *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988).  This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity?  *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship?  *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim?  *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, particularly the fact that she does have part-time employment, the undersigned finds that she could pay filing costs without undue financial hardship if given ninety days to pay the filing fees.  She will not be rendered destitute by paying the filing fees in ninety days, as she does have a place to reside, a motor vehicle, and a monthly income.  Because she will not be barred from the federal courts due to her lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed *in forma pauperis* be denied.  Plaintiff shall be given ninety days to pay the filing fees in this cause; all of the costs associated with the filing of this

lawsuit should be paid on or before **FEBRUARY 13, 2012.**  If Plaintiff does not object to this recommendation, but does not pay the filing fees by February 13, 2012, this case should be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations.  Objections are required to be in writing and must be filed within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court...."  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*)(citations omitted).

IT IS ORDERED that Plaintiff shall pay the full filing fees in this case on or before **February 13, 2012,** unless she appeals this recommendation to the district judge**.**

THIS the 8th day of November, 2011.


                                            /s/ Linda R. Anderson
                                   UNITED STATES MAGISTRATE JUDGE